U.S. COURTS

NOV 2 8 2012

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

## district court of the United States
## for the district of Idaho

Michael-Shane; Crowder,
P.O. Box 15911
Boise, Idaho 83715-5911
208-859-5624

        Plaintiff

        Vs

ACTION COLLECTION SERVICES, INC.,
John Muir,
1325 Vista Avenue
P.O. Box 5425
Boise, Idaho 83705-0425

        Defendant(s)

Case NO. **12 - 585 - S REB**

**COMPLAINT AND DEMAND FOR
JURY TRIAL AND ORDER FOR
INJUNCTIVE RELIEF**

## COMPLAINT

    COMES NOW Michael-Shane; Crowder (hereafter Plaintiff) acting Pro Se and hereby provides this **COMPLAINT AND DEMAND FOR JURY TRIAL AND ORDER FOR INJUNCTIVE RELIEF**.

## NATURE OF ACTION

1.  This is an action for damages brought by the Plaintiff for Defendant's violations of the following:

    a.    Fair Credit Reporting Act (hereinafter FCRA), under Section 601 of title VI of Pub. L. 90-321, as added by Pub. L. 91-508,

title VI, Sec. 601, Oct. 26, 1970, 84 Stat. 1128 and as amended by many Public Laws thru 2004.

    b.    The Fair Debt Collection Practices Act (hereinafter FDCPA), under Pub. L. 90-321, title VIII, Sec. 802, as added Pub. L. 95-109, Sept. 20, 1977, 91 Stat. 874 and as amended by many Public Laws thru 2006.

2.  Plaintiff seeks to recover damages for Defendant's violation of the FCRA and the FDCPA, and to have an order or injunction issued by this Court preventing Defendant from continuing its violative behaviors.

3.  Plaintiff seeks to recover damages for Defendant's intentional infliction of emotional distress.

4.  Plaintiff seeks to recover damages for breach of contract by Defendant.

## JURISDICTION AND VENUE

5.  Jurisdiction of this Court arises under FCRA Section 618; FDCPA Section 813(d); Federal Question Jurisdictional Amendments Act of 1980, P.L. 96-486-Dec. 1, 1980, 94 STAT. 2369.

6.  Venue is proper before this Court pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 Section 202(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where defendant resides in this district, and/or where defendant transacts business in this district.

## PARTIES

7.  Plaintiff, Michael-Shane; Crowder, is a natural person, state citizen of Oregon, and transacts business in Ada County.  At the time the alleged incident occurred, Plaintiff lived in Ada County.

8.  Plaintiff is a consumer as defined by FCRA Section 603(c) and FDCPA Section 803(3).

9.  Defendant, John Muir (hereinafter "Muir") is a natural person.

10. Defendant, Action Collection Service, Inc. (hereinafter "Action") is a furnisher of information within the meaning of the FCRA Section 623.

11. Defendants are an entity who at all relevant times are engaged, by use of the mails and telephone, in the business of attempting to collect an alleged "debt" from Plaintiff, as defined by FDCPA Section 803(5).

12. Defendants are a "debt collector" as defined by FDCPA Section 803(6).

## FACTUAL ALLEGATIONS

13. Plaintiff has never given Defendants neither verbal nor written express permission to call Plaintiff's cellular phone.

14. On or about June 23, 2011 Plaintiff disputed the Action account number 2682634 with Experian.  Despite Plaintiff's dispute about the account that was transmitted through the credit reporting agency, Defendant Action has failed to correct the information.

15. On June 23rd, 2011 Plaintiff caused a letter to be sent to Defendant Action demanding validation of the alleged debt.  The letter was sent by certified mail and delivered to Defendant.

16. On or about June 30th, 2011 Plaintiff received a letter from Defendants in regards to the credit dispute investigation.

17. On or about December 20, 2011, Plaintiff caused a letter to be sent to Defendants to settle the Defendants violations.

18. On or about December 22, 2011, Plaintiff received a letter from the Defendants in regards to the letter the Plaintiff sent on or about December 20, 2011.  The letter the Plaintiff received stated "This communication from debt collector is an attempt to collect a debt.

Any information obtained will be used for that purpose." Defendants
were again trying to collect an alleged debt.

19. Plaintiff has no contractual obligation to pay Defendants due to the
fact that the Defendants have failed to validate the debt. A copy of
the consumer credit contract is not sufficient to validate the debt.
Validation requires presentment of the account and general ledger
statement signed and dated by the party responsible for maintaining
the account. Pacific Concrete F.C.U. V. Kauanoe, 62 Haw. 334, 614
P.2d 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P.3d 807, 96
Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28
Conn. L. Rptr. 371, (Conn. Super.2000), and Town of Brookfield v.
Candlewood Shores Estates, Inc. 513 A.2d 1218, 201 Conn.1 (1986).

20. Defendants sent Plaintiff a letter that stated in part: "This
communication is from a debt collector. This is an attempt to collect
a debt. Any information obtained may be used for that purpose."

21. Defendants failed to attach a member agreement or any evidence that
Plaintiff ever had an account with Defendants.

22. Defendants use instrumentalities of interstate commerce or the mails
in a business the principal purpose of which is the collection of any
debts, or regularly collects or attempts to collect, directly or
indirectly, debts owed or due, or asserted to be owed or due another.
FDCPA Section 803(6).

23. Defendant's actions constitute conduct highly offensive to a
reasonable person, and as a result of Defendant's violations,
Defendant is liable to Plaintiff for Plaintiff's actual damages,
which includes both pecuniary and nonpecuniary injuries, statutory
damages, nominal damages, and costs and attorney's fees. "Having
reviewed the text, purpose, and structure of the Act, as well as how
actual damages have been construed in other closely analogous federal
statutes, we hold that Congress intended the term actual damages in

the Act to encompass both pecuniary and nonpecuniary injuries." *Cooper v. FAA*, 622 F.3d 1016, (9th Cir. 2010)[Sept. 16, 2010]

24. Plaintiff was damaged when Defendant Action caused negligent infliction of emotional distress. Plaintiff applied for a vehicle loan and was denied.  This caused a loss of job income due to the fact that the vehicle was going to be used for business.  *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605 (Tex. 1999).

25. Plaintiff was damaged when Defendant Action caused intentional infliction of emotional distress.  Defendant put negative account information on the Plaintiff's credit report.  *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605 (Tex. 1999).

26. There was a breach of common law duties by the Defendants when the Defendants failed to provide what Plaintiff expected by producing the contract or by validating the debt.  A copy of an account is not sufficient to validate the debt. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. Pacific Concrete F.C.U. V. Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super.2000), and Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A.2d 1218, 201 Conn.1 (1986).

## COUNT I

### VIOLATION OF FAIR CREDIT REPORTING ACT SECTION 616, WILLFUL NON-COMPLIANCE BY DEFENDANTS

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant Action is a furnisher of information within the meaning of the FCRA Section 623.

29. Defendant Action Collection Service, Inc. willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:

    a.    Defendants willfully violated FCRA Section 623(a)(3) if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

    b.    Defendants willfully violated FCRA Section 623(b)(1)(A) after receiving notice pursuant to FCRA Section 611 of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

    c.    Defendants willfully violated FCRA Section 623(b)(B) after receiving notice pursuant to FCRA Section 611 of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

    d.    Defendants willfully violated FCRA Section 623(b)(C) after receiving notice pursuant to FCRA Section 611 of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Action violated the FCRA;

b) Adjudging that Defendant Action remove the negative reports from all credit bureau agencies;

c) Awarding Plaintiff statutory damages, pursuant to FCRA Section 616;

d) Awarding Plaintiff actual and punitive damages, pursuant to FCRA Section 616;

e) Awarding Plaintiff nonpecuniary damages, nominal damages, and reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF FAIR CREDIT REPORTING ACT SECTION 617, NEGLIGENT NON-COMPLIANCE BY DEFENDANTS

30. Paragraphs 1 through 26 are re-alleged as though fully set forth herein.

31. Defendant Action is a furnisher of information within the meaning of the FCRA, FCRA Section 623.

32. Defendant Action negligently violated the FCRA. Defendants' violations include, but are not limited to, the following:

    a.    Defendant Action negligently violated FCRA Section 623(a)(3) if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

    b.    Defendant Action negligently violated FCRA Section 623(b)(1)(A) after receiving notice pursuant to FCRA Section 611 of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency,

negligently failing to conduct an investigation with respect to the disputed information.

c.    Defendant Action negligently violated FCRA Section 623(b)(B) after receiving notice pursuant to FCRA Section 611 of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

d.    Defendant Action negligently violated FCRA Section 623(b)(C) after receiving notice pursuant to FCRA Section 611 of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

33. Plaintiff was damaged when Defendant Action caused intentional infliction of emotional duress. Plaintiff applied for a vehicle loan and was denied.  This caused a loss of job income due to the fact that the vehicle was going to be used for business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FCRA;

b) Adjudging that Defendants remove the negative reports from all credit bureau agencies;

c) Awarding Plaintiff statutory damages, pursuant to FCRA Section 616;

d) Awarding Plaintiff actual and punitive damages, pursuant to FCRA Section 616;

e) Awarding Plaintiff nonpecuniary damages, nominal damages, and reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) SECTION 802 15

34. Paragraphs 1 through 26 are re-alleged as though fully set forth herein.

35. Defendants are a debt collector within the meaning of the FDCPA Section 803(6).

36. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a) Defendants violated FDCPA Section 807(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   b) Defendants violated FDCPA Section 809(b) by not ceasing collection efforts until the debt was validated.

37. Plaintiff was damaged when Defendants caused intentional infliction of emotional distress. Defendants put negative account information on the Plaintiff's credit report. Plaintiff had to take time off work to study the law and file this court case to stop the violations.

38. Defendants caused a breach of contract when Defendants failed to produce a contract it had with the Plaintiff. Plaintiff had neither a written or verbal contract with the Defendants.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendants violated the FDCPA;

   b) Adjudging that Defendants remove the negative reports from all credit bureau agencies;

c) Awarding Plaintiff statutory damages, pursuant to FDCPA Section 813, in the amount of $1,000.00;

d) Awarding Plaintiff actual and punitive damages, pursuant to FDCPA Section 813;

e) Awarding Plaintiff nonpecuniary damages, nominal damages, and reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November  _, 2012

Respectfully submitted,

Michael-Shane; Crowder
P.O. BOX 15911
Boise, Idaho 83715
208-859-5624

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be mailed on this ___ day of November, 2012, by U.S. Mail delivery to:

Action Collection Service, Inc.

Attn: John Muir

1325 Vista Avenue

P.O. Box 5425

Boise, Idaho 83705-0425

COMPLAINT AND DEMAND FOR JURY TRIAL                              Page 10 of 11

**JURAT**

State of _IDAHO_ )
                                    )ss.
County of _ADA_ )

The above named Plaintiff, Michael-Shaw Crowder, personally appeared before me, a Notary, and proved to me on the basis of satisfactory evidence and identification to be the man whose name is subscribed to this document, and stated that he did so with full understanding that he was subject to the penalties of perjury.

WITNESS my hand and official seal.

_MARGARET NOEKER_                     _11/28/2012_
NOTARY PUBLIC                              DATE                         (Seal)

My commission expires: _DECEMBER 7th_ , 20_16_

COMPLAINT AND DEMAND FOR JURY TRIAL                          Page 11 of 11