Charles W. Fawcett
Skinner Fawcett LLP
515 South Sixth Street
PO Box 700
Boise, ID 83701-0700
Phone: (208) 345-2663
Facsimile: (208) 345-2668
Idaho State Bar No. 1349
        Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL-SHANE CROWDER, | Case No.: 12-585-S-REB |
| Plaintiff, | ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS |
| vs. | |
| ACTION COLLECTION SERVICE, INC. and JOHN MUIR, | |
| Defendants. | |

COMES NOW Defendant Action Collection Service, Inc. ("Action") and John Muir

("Muir"), collectively "Defendants", without waiving any objections, rights, and defenses relating to

jurisdiction and process, hereby answer Plaintiff's Complaint and demand for jury trial as follows:

## I. ANSWER

1.1.    Defendants admit the action is brought under the FCRA, FDCPA, Intentional

Infliction of Emotional Distress and Breach of Contract, but deny any liability, and, therefore, deny

the remaining allegations contained in Paragraphs 1 through 4 of Plaintiff's Complaint.

1.2.    Defendants admit this Court has jurisdiction over claims under the FDCPA and

FCRA, but deny any liability under those statutes, and, therefore, deny the remaining allegations

contained in Paragraph 5 of Plaintiff's Complaint.

1.3.    Defendants admit venue is proper in the District of Idaho, but deny that the claims arose, and, therefore, deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

1.4.    Defendants lack sufficient information to determine the truth or falsity of the allegations in Paragraph 7 of Plaintiff's Complaint, and, therefore, deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

1.5.    Defendants lack sufficient information to determine the truth or falsity of the allegations in Paragraph 8 of Plaintiff's Complaint, and, therefore, deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

1.6.    Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

1.7.    Defendants admit Action furnishes information to credit reporting agencies on occasion, and deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

1.8.    Defendants admit Action is a debt collector, and lack sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 11 of Plaintiff's Complaint, and, therefore, deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

1.9.    Defendants admit Action is a debt collector, and lack sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 12 of Plaintiff's Complaint, and, therefore, deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

1.10.   Defendants lack sufficient information to determine the truth or falsity of the allegations in Paragraph 13 of Plaintiff's Complaint, and, therefore, deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

1.11.   Defendants lack sufficient information to determine the truth or falsity of the allegations in Paragraph 14 of Plaintiff's Complaint, and, therefore, deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

1.12.    Defendants lack sufficient information to determine the truth or falsity of the allegations in Paragraph 15 of Plaintiff's Complaint, and, therefore, deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

1.13.    Defendants admit Action received written correspondence on Plaintiff's account on June 29, 2011, and lack sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 16 of Plaintiff's Complaint, and, therefore, deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

1.14.    Defendants lack sufficient information to determine the truth or falsity of the allegations in Paragraph 17 of Plaintiff's Complaint, and, therefore, deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

1.15.    Defendants admit Action received written correspondence on Plaintiff's account on December 19, 2011, and lack sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 18 of Plaintiff's Complaint, and, therefore, deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

1.16.    Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

1.17.    Defendants admit Action sent a letter to Plaintiff that contained the stated language, and deny the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

1.18.    Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

1.19.    Defendants admit Action is a debt collector, and lack sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 22 of Plaintiff's Complaint, and, therefore, deny the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

1.20.    Defendants deny the allegations contained in Paragraphs 23 through 26 of Plaintiff's Complaint.

1.21.    Defendants admit and deny the allegations contained in Paragraph 27 of Plaintiff's Complaint as set forth in Paragraphs 1.1 through 1.20 above.

Page 3.      ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

1.22.    Defendants admit Action furnishes information to credit reporting agencies on occasion, and deny the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

1.23.    Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

1.24.    Defendants admit and deny the allegations contained in Paragraph 30 of Plaintiff's Complaint as set forth in Paragraphs 1.1 through 1.23 above.

1.25.    Defendants admit Action furnishes information to credit reporting agencies on occasion, and deny the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

1.26.    Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

1.27.    Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

1.28.    Defendants admit and deny the allegations contained in Paragraph 34 of Plaintiff's Complaint as set forth in Paragraphs 1.1 through 1.27 above.

1.29.    Defendants admit Action is a debt collector, and lack sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 35 of Plaintiff's Complaint, and, therefore, deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

1.30.    Defendants deny the allegations contained in Paragraphs 36 through 38 of Plaintiff's Complaint.

1.31.    Except as so admitted, Defendants deny each and every allegation in Plaintiff's Complaint.

## II. AFFIRMATIVE DEFENSES

Having answered Plaintiff's Complaint, the Defendants allege the following affirmative defenses:

2.1.    **Failure to State Claims**.

2.2.    **Statute of Limitations**.

2.3.    **Lack of Subject Matter Jurisdiction**.

2.4.    **Lack of Real Party in Interest**.

2.5.    **Bona Fide Error.**  Without admitting any violation, if any violation of the Fair Debt

Collection Practices Act occurred, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

     2.6.    **Bona Fide Error.**  Without admitting any violation, if any violation of the Fair Credit Reporting Act occurred, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## III. PRAYER

Wherefore having fully answered Plaintiff's Complaint, having interposed affirmative defenses and counterclaims, the Defendants pray for the following relief:

    3.1    Dismissal of the lawsuit with prejudice, and with costs and attorney fees to Defendants.

    3.2    For such other and further relief as may be provided by law.

Dated December 19, 2012.

SKINNER FAWCETT LLP

/s/ Charles W. Fawcett
Charles W. Fawcett, ISB No. 1349
Skinner Fawcett LLP
515 South Sixth Street
PO Box 700
Boise, ID 83701-0700
Phone: (208) 345-2663
Fax: (208) 345-2668

*Attorney for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the foregoing Answer and

Affirmative Defenses of Defendants on December 19, 2012 upon:

Michael-Shane Crowder
PO Box 15911
Boise, ID 83715-5911

[ x ]  Via First Class Mail

[   ]  Via Facsimile

[   ]  Via Hand Delivery

[   ]  Via Electronic Mail

Dated this December 19, 2012.

/s/ Charles W. Fawcett
Charles W. Fawcett, ISB No. 1349
Skinner Fawcett LLP
515 South Sixth Street
PO Box 700
Boise, ID 83701-0700
Phone: (208) 345-2663
Fax: (208) 345-2668

**Attorney for Defendants**