CHARLES W. FAWCETT
cfawcett@skinnerfawcett.com
SKINNER FAWCETT LLP
515 South Sixth Street
PO Box 700
Boise, ID 83701-0700
Phone: (208) 345-2663
Facsimile: (208) 345-2668
State Bar No. 1349
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL-SHANE; CROWDER,<br><br>      Plaintiff,<br><br>vs.<br><br>ACTION COLLECTION SERVICE, INC. and JOHN MUIR,<br><br>      Defendants. | Case No. CIV12-585-S-REB<br><br>DEFENDANTS' REPLY FOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Defendants' Motion for Summary Judgment should be granted, and the case dismissed against Defendants, and attorney fees awarded against Plaintiff. Plaintiff has failed to properly respond to Defendants' Motion with any admissible evidence[1].

**1. Evidentiary Objections and Motion to Strike.**

Defendants move to Strike Plaintiff's Brief in Opposition to Defendants' Motion

---

[1] Plaintiff apparently does not understand the difference between a credit reporting agency that creates the credit report and the furnisher of credit information who furnishes information to the credit reporting agency. The credit reporting agency creates the credit report and chooses what to report, and what not to report based on the information furnished, or not furnished.

PAGE 1.  DEFENDANTS' REPLY FOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
s:\fawcett\pleadings\msj reply-crowder v action collection.docx

for Summary Judgment [ECF No. 19] because it is not based on Plaintiff's personal knowledge, consists of inadmissible hearsay and does not include or attach sworn or certified copies of the documents to which Plaintiff refers in his response.

As Judge Winmill stated in *De Grande Living Trust v. World Savings Bank*, 2009 U.S. Dist. LEXIS 1486 (D.Id. 1/8/09),

> Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002)*; *see also Fed. R. Civ. P. 56(e)*. In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003)*. If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id.* (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).
>
> The Ninth Circuit "has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1182 (9th Cir.1988)*. Authentication, required by *Federal Rule of Evidence 901(a)*, is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document. *Id.*
>
> *Rule 56(e) of the Federal Rules of Civil Procedure* states:
>
> > A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.
>
> "When a party opposing summary judgment fails to comply with the formalities of *Rule 56*, a court may choose to be somewhat lenient in the exercise of its discretion to deal with the deficiency." *School District No. 1J, Multnomah County, OR v. ACandS, Inc., 5 F.3d 1255, 1261 (9th Cir. 1993)* (citation omitted). Such leniency, however, cannot be exercised so that *Rule 56* becomes meaningless. *Id.*

The document submitted by Plaintiff is not admissible evidence. The document submitted by Plaintiff is not based on personal knowledge. The document submitted by Plaintiff is not a statement of facts that have a foundation. The document submitted by Plaintiff is Plaintiff's incorrect interpretation of the law in this case.

As a result, the document submitted by Plaintiff should be stricken.

### 2. Defendants' Statement of Material Facts is admitted.

Plaintiff is required to respond to Defendants' Statement of Material Facts. *LR 7.1 (c) (2)*.

Contrary to Plaintiff's argument, the declaration in support of Defendants' Motion for Summary Judgment is admissible. *FRCP 56 (e); LR 7.1 (b) (2)*.

> "... if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Federal Rule of Civil Procedure 56 (c) or Local Rule 7.1 (b)(1) or (c) (2), the Court nonetheless may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the moving party is entitled to the granting of the motion. *LR 7.1 (e) (2)*.

Since Plaintiff failed to respond to Defendants' Statement of Material Facts [ECF No. 14], Defendants' Statement of Material Facts are admitted, and Defendants' Motion for Summary Judgment should be granted.

### 3. Reply to the Response.

#### a. Bankruptcy Nonissue.

The assigned debt was not discharged in bankruptcy.

Plaintiff filed bankruptcy on March 26, 2009 in the District of Idaho Case No. 09-

00747-TLM[2]. Plaintiff discharged his pre-petition debts on July 9, 2009[3].

The debt was incurred on April 14, 2009. [ECF no. 14, p. 1, ¶ 1]. The debt is a post-petition debt so it was not discharged in bankruptcy.

If the debt was included in the bankruptcy, the real party in interest in this situation would be the bankruptcy trustee, and the bankruptcy trustee would have had to make the decision on whether to file this action.

Bankruptcy by Plaintiff is not an issue in this Complaint.

### b. Relevant Issues.

Plaintiff has failed to respond to the issues in Plaintiff's Complaint that were shown either to have no factual support, or could not be raised as a matter of law.

> **1. As a matter of law, Defendants have not violated any provision of the Fair Credit Reporting Act, *15 USC § 1681 et seq* (FCRA) because Muir does not furnish information to credit reporting agencies, and because Action investigated and reported accurate information to the credit reporting agencies after receipt of a dispute from a credit reporting agency.**

The credit report pages [ECF No. 19-1, pp. 2, 4] are hearsay, and incomplete. They are not admissible evidence. They are not Defendants' documents. They are documents prepared by the credit reporting agency showing one page of the credit report.

There is no allegation in the Complaint that Defendants listed Plaintiff's debt as described in Plaintiff's document [ECF No. 19, p. 7]. As set forth in the Motion for Summary Judgment, the only private liability available under *15 USC § 1681s-2* is under subsection *(b),* and there is no issue of material fact that Defendants complied with *15*

---

[2] Please take judicial notice of this.

[3] Plaintiff apparently attempted to mislead the court into the conclusion that the debt was discharged [ECF No. 19, p. 7-8]. This is relevant to the issue of ordering attorney fees to Defendants for defending these frivolous claims.

PAGE 4.   DEFENDANTS' REPLY FOR DEFENDANTS' MOTION FOR SUMMARY
          JUDGMENT
s:\fawcett\pleadings\msj reply-crowder v action collection.docx

*USC § 1681s-2 (b)*, and Plaintiff fails to offer any evidence to the contrary of this conclusion..

The facts are as follows: when Action was notified by the credit reporting agency of a dispute claiming that Action had provided inaccurate information, Action reviewed its file <u>and confirmed the account was due,</u> and confirmed all the identifying information was accurate per Action's records. [ECF No. 14, p. 2, ¶ 15]. This complied with *15 USC § 1681s-2 (b)*.

Even if the credit reports submitted by Plaintiff were admissible, the credit reports would not be evidence of a violation by Defendants. The credit reports are the conduct of the credit reporting agency. Since Action confirmed the account was due, Action did not (and there is no logical reason that Action would) report the debt as discharged in bankruptcy since the debt was not discharged in bankruptcy. Plaintiff's issue, if Plaintiff has one, is with the credit reporting agency, and not with Defendants.

Finally, Plaintiff has failed to make any argument for the individual liability of Muir.

Muir has had to defend against Plaintiff's claim when there is no basis in law or fact for a complaint against Muir under the FCRA.

The claims under the FCRA must be dismissed.

    **2.**    **As a matter of law, Defendants have not violated any provision of the Fair Debt Collection Practices Act, *15 USC § 1692 et seq* (FDCPA).**

Plaintiff apparently does not contest this issue. The only mention of the FDCPA is in passing [ECF No. 19, p. 8].

Plaintiff does not refute Defendants' Motion for Summary Judgment on the

PAGE 5.    DEFENDANTS' REPLY FOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
s:\fawcett\pleadings\msj reply-crowder v action collection.docx

FDCPA. As a result, Defendants' Motion for Summary Judgment should be allowed dismissing the FDCPA claims.

3. The Court should award attorney fees to Defendants.

Plaintiff has failed to argue against attorney fees to Defendants. Instead, Plaintiff has raised additional irrelevant, frivolous and unsupported arguments. There is no basis in law or fact for Plaintiff's Complaint against Defendants.

The Court should award attorney fees to Defendants for defending against Plaintiff's Complaint.

### 4. Conclusion

Defendants are entitled to judgment as a matter of law against Plaintiff on Plaintiff's claims against Defendants, and Defendants should be awarded attorney fees along with dismissal of the case.

DATED: February 20, 2013.

        SKINNER FAWCETT LLP

        s/ Charles W. Fawcett
        CHARLES W. FAWCETT
        Attorney for Defendants

Case 1:12-cv-00585-REB Document 21 Filed 02/20/13 Page 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the foregoing Defendants' Reply for Defendants' Motion for Summary Judgment on February 20, 2013 upon:

Michael-Shane; Crowder
PO Box 15911
Boise, ID 83715-5911

[ x ] Via First Class Mail

[ ] Via Facsimile

[ ] Via Hand Delivery

[ ] Via Electronic Mail

DATED February 20, 2013

SKINNER FAWCETT LLP

s/ Charles W. Fawcett
CHARLES W. FAWCETT
Attorney for Defendants

PAGE 1.    CERTIFICATE OF SERVICE
s:\fawcett\pleadings\msj reply-crowder v action collection.docx