CHARLES W. FAWCETT
cfawcett@skinnerfawcett.com
SKINNER FAWCETT LLP
515 South Sixth Street
PO Box 700
Boise, ID 83701-0700
Phone: (208) 345-2663
Facsimile: (208) 345-2668
State Bar No. 1349
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL-SHANE; CROWDER,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ACTION COLLECTION SERVICE, INC. and JOHN MUIR,<br><br>　　　　　　　　　　Defendants. | Case No. CIV12-585-S-EJL<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

Plaintiff's Motion for Leave to File Amended Complaint [ECF No. 25] should be denied because the Complaint cannot be saved by amendment.

### 1. Postural Procedure.

On November 28, 2012, Plaintiff filed his Complaint against Defendants [ECF No. 1].

On December 19, 2012, Defendants filed their answer and affirmative defenses, including an affirmative defense that Plaintiff failed to state a claim [ECF No. 4].

On January 23, 2013, Defendants filed their Motion for Summary Judgment [ECF No.

PAGE 1.　DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

11] on the grounds that:

1. As a matter of law, Defendants have not violated any provision of the Fair Credit Reporting Act, *15 USC § 1681 et seq* (FCRA) because Muir does not furnish information to credit reporting agencies, and because Action investigated and reported accurate information to the credit reporting agencies after receipt of a dispute from a credit reporting agency.

2. As a matter of law, Defendants have not violated any provision of the Fair Debt Collection Practices Act, *15 USC § 1692 et seq* (FDCPA) because

   (a) Muir does not have a duty to send a first notice, or validate a debt;

   (b) Action had no duty to validate the debt because Plaintiff failed to request validation of the debt within 30 days of the initial communication, and because the lawsuit under this section was not commenced within the statute of limitation; and

   (c) Defendants did not make any false or misleading statements to Plaintiff.

On February 8, 2013, Plaintiff filed his opposition to Defendants' Motion for Summary Judgment [ECF No. 19].

On March 13, 2013, more than a month after his response to the Summary Judgment Motion, and about three weeks after having received a copy of Defendants' Reply on the Summary Judgment Motion [ECF No. 21], Plaintiff filed his Motion for Leave to File Amended Complaint [ECF No. 25].

Plaintiff apparently is attempting to delay entry of an Order allowing Defendants' Motion for Summary Judgment by filing an Amended Complaint that continues to fail to state any claim against Defendants.

### 2. Standard for a Motion to Amend.

*FRCP 15(a)* provides a party may amend a pleading only by leave of court after a responsive pleading has been filed unless the opposing party consents to the amendment. Leave to amend "shall be freely given when justice so requires". *FRCP 15(a)*.

> A court must consider several factors when determining whether justice requires the court to grant leave to amend. Those factors include:
>
> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. *Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th.Cir. 2003)* (quoting from *Foman v. Davis, 371 US 178, 182, 9 L.Ed.2d 222, 83 S.Ct. 227 (1962)*.

Denial of leave to amend is proper if it is clear that the complaint could not be saved by amendment. See *Intri-Plex Tech. Inc. v. The Crest Group Inc., 499 F.3d 1048, 1056 (9th.Cir. 2007)*.

The Proposed Amended Complaint asks for identical relief in Counts I-III. All it seems to add is a "Congressional Bankruptcy" section from page 6 to page 12; a "Statutory Scheme" section from page 12 to 14; a "Judicial Power" section from page 14 to 15; and a "Conclusion" section from page 25 to 26.

None of these allegations are relevant, and none would add additional facts that would save the case from summary judgment.

It would be futile to allow Plaintiff to file his Amended Complaint since summary judgment to Defendants should still be allowed for the reasons set forth in Defendants'

PAGE 3.   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
         FILE AMENDED COMPLAINT

Motion as follows:

      (1)    The assigned debt was not discharged in bankruptcy.

      (2)    As a matter of law, Defendants have not violated any provision of the Fair Credit Reporting Act, *15 USC § 1681 et seq* (FCRA) because Muir does not furnish information to credit reporting agencies, and because Action investigated and reported accurate information to the credit reporting agencies after receipt of a dispute from a credit reporting agency.

      (3)    As a matter of law, Defendants have not violated any provision of the Fair Debt Collection Practices Act, *15 USC § 1692 et seq* (FDCPA).

### 3. Conclusion

Defendants Motion for Leave to File Amended Complaint should be denied as futile.

DATED: April 5, 2013

                SKINNER FAWCETT LLP

                s/ Charles W. Fawcett
                CHARLES W. FAWCETT
                (208) 345-2663
                Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the foregoing

Defendants' Response to Plaintiff's Motion for Leave to File Amended Complaint on

April 5, 2013 upon:

Michael-Shane; Crowder
PO Box 15911
Boise, ID 83715-5911

[ x ] Via First Class Mail

[ ] Via Facsimile

[ ] Via Hand Delivery

[ ] Via Electronic Mail

DATED April 5, 2013

                        SKINNER FAWCETT LLP

                        s/ Charles W. Fawcett
                        CHARLES W. FAWCETT
                        (208) 345-2663
                        Attorney for Defendants